The Thornley Supply Company, Inc. *vs.* Teresa Madigan.

MAY 16, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Conveyances in Fraud of Creditors. Equity. Charge of Actual Fraud.*

On a bill in equity to set aside a deed from a husband to a wife asserted to have been made in fraud of complainant creditor which charges actual fraud on the part of respondent wife, complainant having failed to prove actual fraud no other question was properly before the court.

(2)  *Conveyances in fraud of creditors. Equity. Charge of Actual Fraud.*

Where a bill in equity charges actual fraud, if the charge is not proved no other question is before the court but the bill should be dismissed without prejudice to complainant's right to seek relief upon other grounds.

BILL IN EQUITY. Heard on appeal from decree denying relief. Decree modified.

BARROWS, J. Heard on appeal from a decree of the Superior Court declining to set aside a deed from a husband to his wife. The conveyance is asserted to have been

made with intent to hinder, delay or defraud complainant, a creditor of the husband at the time of the conveyance. G. L. 1923, Chap. 297, Sec. 1. Credit had been given on the strength of the husband's ownership of the real estate conveyed.

The bill was brought against the wife, Teresa Madigan, She subsequently secured a decision for divorce. Her husband's whereabouts are unknown. Although the bill alleges a conveyance of all of the husband's property while insolvent, it does not aver that the conveyance was made without consideration and rely upon constructive fraud irrespective of moral turpitude. *Matthews* v. *Thompson,* 186 Mass. 14; *Austin* v. *First National Bank,* 47 Ill. App. 224. The bill avers actual fraud on the part of grantee. It charges her with knowledge of her husband's indebtedness to complainant and avers that, pursuant to a conspiracy to defraud complainant and prevent its collecting its debt, the husband and wife caused the deed to be executed. A conveyance so intended even if for valuable consideration would be in fraud of creditors. *Coombs* v. *Aborn,* 29 R. I. 40. 27 C. J. 499, § 163. The fraudulent intent in such cases constitutes actual not constructive fraud. Whether it exists is a question of fact for the trial court or jury. *O'Donnell* v. *Hall,* 154 Mass. 429. That complainant's bill in the present case was intended to so charge actual fraud is. seen by the issue agreed upon by the parties, viz.: "Did the respondent take title to the premises mentioned in the bill of complaint by deed dated July 21, 1924, for the purpose of defrauding this complainant and preventing the complainant from collecting any claim it might have against. Nicholas J. Madigan, the husband of this respondent?" This issue concerns the intent of the respondent in taking title not the intent of the grantor in making the deed. The court was not asked to determine the effect of Madigan's voluntary conveyance regardless of the actual participation by grantee in a fraudulent purpose presumptively attributed to grantor. *McKenna* v. *Crowley,* 16 R. I. 364; *First National Bank* v.

*Randall,* 20 R. I. 319; 27 C. J. 509.   In proof of the charge
of actual fraudulent intent by respondent to defeat com-
plainant's collection of its debt, complainant offered through
its treasurer, Mr. Thornley, testimony that respondent told
him just after the transfer that her husband conveyed the
property to her at her suggestion after asking her what he
could do to guard her.   Respondent denied having made
such a statement and explained her husband's record title
as the result of a family settlement with her brother and
sisters under which the property in question was to be
deeded to her but which, because of her husband's whim,
was put in his name.   She contended that the present con-
veyance to her was in pursuit of the husband's obligation
so to do.

Whatever may be the merits of respondent's defence
against an inference of constructive fraud arising from the
voluntary conveyance by her husband, her explanation
clearly was evidence to be weighed against complainant's
charge of improper solicitation, bad faith and conspiracy on
her part.   On this conflict of testimony the trial court found
that actual fraud by respondent had not been proven and
pursuant to our long established rule dismissed the bill.
No error was committed in so doing.   Complainant having
failed to prove actual fraud no other questions were properly
before the court.   *Grant* v. *Wilcox,* 44 R. I. 94.   The
question of estoppel or whether the conveyance was without
legal consideration or whether constructive fraud was estab-
lished could not be settled under this bill, answer and issue.

The decree entered should be modified to provide only
for dismissal of the bill without prejudice to complainant's
right to seek relief upon other grounds than a charge of
actual fraud against respondent.

The cause is remanded to the Superior Court for the entry
of a decree in accordance with this opinion.

*Thomas P. Corcoran,* for complainant.
*Thomas L. Carty,* for respondent.